**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOEY I. RODRIGUEZ,

     Plaintiff,

v.                                        Civ. No. 25-313 MLG/KK

SOCIAL SECURITY ADMINISTRATION,

     Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[1]**

Before the Court is Defendant Social Security Administration's ("SSA") Motion to Dismiss (Doc. 4) ("Motion"), filed April 1, 2025. Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise sufficiently advised, I recommend that the Court GRANT the Motion and DISMISS Plaintiff Joey Rodriguez's Complaint without prejudice.

**I. Factual Background and Procedural History**

On February 24, 2025, Plaintiff, who is proceeding *pro se*, filed a Petition for Review of Administrative Decision ("Complaint") in the State of New Mexico, County of Rio Arriba, First Judicial District Court, requesting the state court to review his social security case and determine that he is disabled. (Doc. 1–2 at 2). A letter attached to Plaintiff's Complaint, which is purportedly from one of his doctors, details that Plaintiff suffers from post-traumatic stress disorder ("PTSD"), tobacco use, and was involved in a motor vehicle accident "that led to a right below-the-knee amputation" in one of his lower extremities. (*Id*. at 3).

---

[1] By an Order of Reference entered on October 15, 2025, United States District Judge Matthew L. Garcia referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Doc. 12.)

According to Plaintiff's Complaint, Defendant SSA denied his claim for Supplemental Security Income ("SSI") benefits on October 1, 2024. (*Id*. at 2, 7, 10). Generally speaking, a party may seek judicial review of the final decision of the SSA via a civil action "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Documents attached to Plaintiff's Complaint make clear that an Administrative Law Judge ("ALJ") denied his claim for benefits, though it is unclear when the ALJ's decision was issued. (Doc. 1-2 at 12). Plaintiff subsequently sought review of the ALJ's unfavorable decision with the SSA's Appeals Council. (*Id*.). The Appeals Council denied Plaintiff's request for review on October 1, 2024, meaning this denial became the final decision of the SSA. *See Naud v. Astrue*, 870 F.Supp.2d 1183, 1185 (D. Colo. 2012). In such situations, the sixty-day period to file a complaint for judicial review begins to run when a claimant receives notice of the Appeals Council's decision, and the SSA's regulations presume that a claimant receives notice of the Appeal's Council's decision within five days of its mailing. *See Gossett v. Barnhart*, F.App'x 24, 26 (10th Cir. 2005). In this case, the record is unclear when Plaintiff received notice of the Appeals Council decision declining to review the ALJ's unfavorable decision. However, in a letter dated December 19, 2024, the Appeals Council stated it would give Plaintiff an additional thirty-days from the date of receipt of the letter to file a complaint for judicial review. (Doc. 1-2 at 12). The letter also stated that it would presume Plaintiff received it "5 days after the date on it." (*Id*.). Plaintiff has made no showing, nor attempted to show, whether he did not receive the December 19, 2024 letter within five days. Therefore, it is questionable whether Plaintiff's Complaint filed in state court was timely.[2]

---

[2] The sixty-day deadline, or another deadline established by the SSA, contained in 42 U.S.C. § 405(g) "is a statute of which may be equitably tolled in rare circumstances by the Commissioner or a court." *Mark C. v. O'Malley*, Case No. 2:23-cv-00699, 2024 WL 3278580, at *1 (D. Utah June 5, 2023), *report and recommendation adopted*, No. 2:23-CV-

Nevertheless, in addition to asking the state court to review the denial of his claim for SSI benefits, Plaintiff alleges in his Complaint that the attorney who represented him throughout the underlying social security proceedings "did not follow threw [sic]." (*Id*. at 1). According to Plaintiff, he had an agreement with his attorney under which it was agreed that his attorney "was going to handle everything we needed for my case involving paperwork from all of my doctors." (*Id*.). However, according to Plaintiff, he later discovered that his attorney failed to timely submit the paperwork from his medical providers, which then forced him to proceed *pro se* for at least some of the underlying social security proceedings. (*Id*.).

On March 17, 2025, Defendant SSA removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1442(a).[3] (Doc. 1). In the Notice of Removal, Defendant SSA asserted that the "action is properly subject to removal because the doctrine of sovereign immunity applies and there has been no waiver of immunity against [the] United States or its agency, SSA, in state court." (*Id*. at 2). Subsequently, on April 1, 2025, Defendant SSA filed the Motion presently before me, arguing that dismissal of Plaintiff's Complaint is proper under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject-matter jurisdiction. (Doc. 4 at 2). According to Defendant SSA, "[t]his Court lacks subject matter jurisdiction over Plaintiff's claims against the SSA pursuant to the derivative jurisdiction doctrine, which was implicated by Plaintiff filing his claims against the SSA in state court." (*Id*. at 3). As Defendant SSA explains, federal law requires that actions against

---

00699, 2024 WL 3276423 (D. Utah July 2, 2024). The statute of limitations may be tolled "if the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Thomas v. Astrue*, No. 11-4088-SAC, 2012 WL 555088, at *1 (D. Kan. Feb. 21, 2012).

[3] Under federal law, "[a] civil action or criminal prosecution that is commenced in a State court" and that is against the United States, a United States agency, or any officer thereof "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. §1442(a)(1).

the SSA seeking judicial review of the denial of social security benefits must be brought in federal court. (*Id*. at 3–4 (citing (42 U.S.C. § 405(g)).

Therefore, Defendant SSA contends that because federal courts have exclusive jurisdiction over claims against the SSA seeking judicial review of the denial of benefits, "the state court never had jurisdiction over Plaintiff's claims against the SSA." (*Id*. at 4). Consequently, Defendant SSA asserts that because the state court never had jurisdiction over the case, under the doctrine of derivative jurisdiction, "this Court has no jurisdiction upon removal." (*Id*. at 4). Thus, Defendant SSA argues that "Plaintiff's case should be dismissed for lack of subject matter jurisdiction." (*Id*.).

Plaintiff has not filed a response to Defendant SSA's motion.  As a result of Plaintiff's failure to file a response, Defendant SSA filed a Notice of Completion of Briefing on May 6, 2025. (Doc. 11).[4] Therefore, the Motion is ready to be ruled on. For the reasons explained herein, I recommend that the Court GRANT the Motion and DISMISS Plaintiff's Complaint without prejudice.

## II.  Applicable Legal Principles

A Court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F.Supp.3d 1290, 1293 (D. Colo. 2016). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

---

[4] Under the Court's Local Rules, a party has fourteen days after service of a motion to file a response. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within (14) calendar days after service of the motion."). Moreover, the Local Rules provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Notwithstanding these rules, I will analyze the merits of the Motion.

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Since federal courts are courts of limited jurisdiction, [courts] presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction." *Mineral Res. Int'l v. U.S. Dep't of Health and Hum. Servs.*, 53 F.3d 305, 307 (10th Cir. 1995) (citation omitted). Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (alteration in original) (emphasis in original) (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)).

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). Where, as here, a party's motion is rooted in a facial attack on subject-matter jurisdiction of allegations contained in the complaint, the court is to presume that all of the allegations contained in the complaint are true. *Id*.

Under the doctrine of derivative jurisdiction "federal courts lack jurisdiction if the state court lacked jurisdiction before removal." *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023).  This doctrine recognizes that "removal jurisdiction is purely derivative in nature." *Goodrich v. Burlington Northern R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983). As the Supreme Court said over a century ago, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might

5

in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).[5]

However, due to criticism of the doctrine, "Congress in 1986 abolished the concept of derivative jurisdiction for cases removed under the general removal statute, 28 U.S.C. § 1441." *High Lonesome Ranch*, 61 F.4th at 1239. Despite the criticism of the doctrine, Congress "limited its abolition of derivative jurisdiction to cases removed under 28 U.S.C. § 1441, not those removed under other sections like § 1442, the federal-officer removal statute." *Id*. Accordingly, the derivative jurisdiction doctrine still applies in cases, as here, removed under 28 U.S.C. § 1442. *Id*.

### III. Analysis

Applying these principles, I conclude that, although the Court would have had subject matter jurisdiction had Plaintiff initially filed his Complaint here, pursuant to the doctrine of derivative jurisdiction,[6] the Court may not exercise jurisdiction over Plaintiff's removed state court Complaint. While Plaintiff's Complaint is not a model of clarity, it is clear that he is asking for judicial review of Defendant SSA's denial of benefits decision because he asks the Court "to look over my case and see that I am disabled and can not work." (Doc. 1-2 at 2). Federal law

---

[5] Recently, the Tenth Circuit clarified that derivative jurisdiction is best viewed as a procedural hurdle to a court exercising subject-matter jurisdiction rather than an outright determination that the federal court inherently lacked subject-matter jurisdiction over a case. *See High Lonesome Ranch*, 61 F.4th at 1240; *see also Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) (explaining that derivative jurisdiction is "best understood as a procedural bar to the exercise of judicial power" rather than "an essential ingredient to federal subject matter jurisdiction."). Thus, as the Tenth Circuit has explained, because derivative jurisdiction is best understood as a procedural hurdle to federal courts exercising subject matter jurisdiction, the issue of derivative jurisdiction can be waived by a party if it is not properly raised at the appropriate time. *See High Lonesome Ranch*, 61 F.4th at 1241–42. The Seventh Circuit has stated that the issue of derivative jurisdiction must be raised by a party within thirty days of removal. *See Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020) (noting the issue of derivative jurisdiction must be raised within thirty days of removal). Here, Defendant SSA filed their Motion raising the issue of derivative jurisdiction well within thirty days of removal.

[6] Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 288 (1989) ("This rule has little justification, but has long existed")

provides that a complaint seeking judicial review of a final decision concerning denial of benefits by the SSA

> shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). Federal district courts have exclusive jurisdiction over complaints requesting judicial review of SSA final decisions regarding the denial of benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g)…").

Here, Plaintiff filed his complaint seeking judicial review of Defendant SSA's denial of benefits decision in state court—a court that did not have subject-matter jurisdiction over such a claim. *See* 42 U.S.C. § 405(g). Because Plaintiff filed his complaint in state court, this Court may not exercise subject-matter jurisdiction under the derivative jurisdiction doctrine. *See Lambert Run Coal Co.*, 258 U.S. at 382. Therefore, I find that the Court must abstain from exercising subject-matter jurisdiction over Plaintiff's Complaint and should dismiss the Complaint pursuant to the derivative jurisdiction doctrine. *See Hasan v. Soc. Sec. Admin. Greenfield Milwaukee*, Case No. 2024 WL 1637497, at *3 (E.D. Wis. Apr. 16, 2024) (dismissing a plaintiff's complaint seeking judicial review of SSA's final benefits decision that was initially filed in state court under the derivative jurisdiction doctrine); *see also Antonio M. v. Soc. Sec. Admin. Comm'r*, 2022 WL 2274864, at *2 (D. Me. June 23, 2022) (same); *Howard v. Comm'r of Soc. Sec.*, 2020 WL 7863948, at *2 (N.D. Ohio Dec. 30, 2020) (same); *Whitworth v. Comm'r of Soc. Sec.*, 2022 WL 1912408, at *1 (S.D. Ill. June 3, 2022) (same).[7]

---

[7] The Supreme Court has also explained that:

> [P]recedent involving other statutes granting exclusive jurisdiction to the federal courts suggests that, if such an action were not within the class of cases over which state and federal courts have

7

Accordingly, I recommend that the Court dismiss the Plaintiff's Complaint without prejudice. *See Hasan*, 2024 WL 1637497, at \*1 ("When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice." (citations omitted)).

### IV. Conclusion

For the forgoing reasons, I recommend that the Court GRANT the Motion and DISMISS Plaintiff's Complaint without prejudice.

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

concurrent jurisdiction, the proper course for a federal district court to take after removal would be to dismiss the case altogether, without reaching the merits.

*Franchise Tax Bd. of California v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 24 n. 27 (1983).